IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONNIE ODELL PARKER,           ) | |
|     Petitioner,                     ) | |
|                                               ) | |
| v.                                              ) | CIVIL ACTION NO. 18-00341-JB-N |
|                                               ) | |
| JOHN CROW                            ) | |
|     Respondent.                   ) | |

## REPORT AND RECOMMENDATIONS

Petitioner Ronnie Odell Parker, an Alabama inmate proceeding *pro se* and *in forma pauperis*, has filed a Superseding Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Under S.D. Ala. GenLR 72(b), Parker's habeas petition has been referred to the undersigned Magistrate Judge for entry of a recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 10 of the Rules Governing Section 2254 Cases in the United States District Courts, and S.D. Ala. GenLR 72(a)(2)(R). After conducting preliminary review in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned finds that Parker's superseding habeas petition (Doc. 1) is due to be **DISMISSED** for lack of jurisdiction.

### I.    Second or Successive Habeas Petition

Parker's petition challenges a criminal judgment entered against him by the Circuit Court of Clarke County, Alabama, in May 13, 1991, on his convictions for first-degree sexual abuse. However, the docket of this Court reflects that Parker already filed a habeas petition in 1996 challenging that conviction. (*See Ronnie Odell Parker v. Leslie Thompson*, S.D. Ala. Case No. 1:96-cv-01238-RV-C). The record in Parker's 1996 habeas case reflects that his petition was dismissed with prejudice and that his request for

habeas corpus relief was denied as having no merit pursuant to 28 U.S.C. foll.§ 2254 and Rule 8, by judgment entered August 26, 1998. (*See* S.D. Ala. Case No. 1:96-cv-01238-RV-C, Docs. 16, 20, 21). The record does not reflect that any appeal was taken in Parker's 1996 habeas case. Thus, the habeas petition in this action (Doc. 1) is a second or successive petition challenging his 1991 criminal judgment.[1]

"Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts. Here, nothing in the record indicates that Parker has received such an order. "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam)).

---

[1] "[S]econd or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014). Dismissal of a habeas petition as time-barred is a judgment on the merits. *See Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (per curiam) (unpublished) ("[A] second petition is successive if the first was denied or dismissed with prejudice, *Guenther v. Holt,* 173 F.3d 1328, 1329 (11th Cir. 1999) (discussing § 2254), and a dismissal for untimeliness is with prejudice, *see Jordan v. Sec'y, Dep't of Corr.,* 485 F.3d 1351, 1353 (11th Cir. 2007) (same). *Accord Villanueva v. United States,* 346 F.3d 55, 61 (2d Cir.2003) ('[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.').").
Parker's 1996 habeas petition was rejected because his claim was lacking in merit and that the claim "raised herein was raised in substance in the Rule 32 Petition filed in 1993 and the state courts did not reject it on independent-procedural grounds." (Doc. ) Regardless, the Magistrate Judge's Report and Recommendation in the 1996 habeas action, found that no "jurisdictional defect existed at the time Petitioner was convicted and sentenced."(Doc.) Because petitioner did not file his Rule 32 petition or present habeas petition within one year from April 25, 1998, the Court determines that petitioner's present habeas petition, which was filed on July 30, 2018, is barred by the one-year period of limitations.").

Accordingly, the undersigned finds that Parker's present habeas petition (Doc. 1) is due to be **DISMISSED** for lack of jurisdiction as an unauthorized second or successive petition.

## II. Certificate of Appealability

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2254 case. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. However, a COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

## III. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

3

It is indisputable that this Court lacks jurisdiction to consider the merits of Parker's present habeas petition because it is an unauthorized second or successive petition. Accordingly, the undersigned **RECOMMENDS** the Court certify that any appeal by Parker of the dismissal of the present habeas petition would be without merit and therefore not taken in good faith.

### IV.     Conclusion and Recommendations

In accordance with the foregoing analysis, it is **RECOMMENDED** that Parker's present habeas petition (Doc. 1) be **DISMISSED** for lack of jurisdiction. It is further **RECOMMENDED** that the Court find Parker is not entitled to proceed *in forma pauperis* on appeal because any appeal would not be taken in good faith.

### V.     Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of September 2018.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**
